

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

PAN:JAJ:AEG/SDD  *271 Cadman Plaza East*
F.#2009R01125  *Brooklyn, New York  11201*

October 1, 2010

**By ECF & Hand Delivery**

The Honorable Frederic Block
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

    Re:  United States v. Kiond Jones et al.
          Criminal Docket No. 09-395 (S-1)(FB)

Dear Judge Block:

      The government respectfully submits this letter in response to the Court's suggestion on September 30, 2010 that it might instruct the jury in the above-referenced case concerning the Juvenile Delinquency Act ("JDA"), 18 U.S.C. § 5031 et seq.; the mandatory minimum sentence that would apply to defendant Anthony Praddy if he were convicted of Count Three, charging him with murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(1); or both topics.  The government opposes any such instruction.

      In United States v. Polouizzi, 564 F.3d 142, 160-63 (2d Cir. 2009), the Second Circuit held that the defendant's Sixth Amendment right to trial by jury did not include a right to have the jury informed of the mandatory minimum sentence applicable to certain charges against him.  The court noted, however, "that circumstances may exist in which instructing the jury on the consequences of its verdict <u>will better ensure that the jury bases that verdict solely on the evidence and will better discourage nullification</u>."  Id. at 162 (emphasis added).  The court noted that the Supreme Court had suggested such a scenario: "'If . . . a witness or prosecutor states in the presence of the jury that a particular defendant would "go free" if found [not guilty by reason of insanity], it may be necessary for the district court to intervene with an instruction to counter such a misstatement.'"  Id. (quoting Shannon v. United States, 512 U.S. 573, 587 (1994)).  The Polouizzi court also observed, "Although jurors have the capacity to nullify, it is not the proper role of

courts to encourage nullification." Id. at 162-63 (citing United States v. Thomas, 116 F.3d 606, 615 (2d Cir. 1997)).

    Here, informing the jury of the potential mandatory minimum sentence would not counter any misstatement made to the jury. Instead, its only possible effect would be to encourage jury nullification. This case therefore does not present the circumstances contemplated by Pollouizzi in which instructing the jury on the consequences of its verdict might be appropriate.

    Similarly, instructing the jury concerning the JDA would be inappropriate. As the Court held when it denied Praddy's motion to dismiss, the JDA does not apply here. There is thus no reason to inform the jury about it. The only possible effect of such an instruction would be to encourage jury nullification, which the Second Circuit has made clear is not proper.

    Respectfully submitted,

    LORETTA E. LYNCH
    UNITED STATES ATTORNEY

By:    /s/
    Seth D. DuCharme
    Andrew E. Goldsmith
    Assistant U.S. Attorneys
    (718) 254-6021/6498

cc: Mitchell J. Dinnerstein, Esq. (via ECF and electronic mail)
    David S. Smith, Esq. (via ECF and electronic mail)