# *MITCHELL DINNERSTEIN*

Attorney at Law
350 Broadway, Suite 700
New York, New York 10013
212-925-0793
(Fax) 212-625-3939

October 1, 2010

**By Fax and ECF**

Hon. Judge Frederick Block
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

RE: **UNITED STATES V. ANTHONY PRADDY**
    Docket No. 09-CR-0395(S-1)(FB)

Dear Judge Block:

      This letter is a response to the Government October 1, 2010 letter indicating that the Court does not have the *discretion* to charge the jury that the defendant is facing a mandatory life sentence citing United States v. Polouizzi, 564 F. 3d 142 (2nd Cir. 2009). The Government argues that the Sixth Amendment does not *require* a defendant the right to have a jury informed of the mandatory minimum sentence. That is correct, but it does not address the issue raised by this Court. The Government should have continued its reading of the Second Circuit decision. That Court cited that in the proper case a judge regarding the mandatory minimum may be within his sound discretion if there is a possibility that the jury may believe that the potential penalty is less than what it actually is. United States v. Polouizzi, 564 F. 3d 142 at 162 (2nd Cir. 2009). In this case, jurors may believe that due to the age of the defendant at the time of the crime, the sentence would be closer to the five years it would be under 18 USC § 5037 (c)(2)(A)(i), and not be the mandatory life sentence that it actually is under 18 USC § 1959(a)(1). This Court certainly has the discretion to inform the jury of the mandatory nature of the sentence. It is not as the government argues a Sixth Amendment issue. It is simply whether the Court has the discretion which under the particular facts of this case it does.

                                                      Very truly yours,
                                                    *Mitchell Dinnerstein*

                                                    Mitchell Dinnerstein

cc.: Andrew Goldsmith

Case 1:09-cr-00395-FB   Document 99   Filed 10/01/10   Page 2 of 2