UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
UNITED STATES OF AMERICA,

    -against-

KIOND JONES,　　　　　　　　　　　　**MEMORANDUM AND ORDER**
                                                                   Case No. 09-CR-395-FB-1

          Defendant.
---------------------------------------------------x

**BLOCK, Senior District Judge:**

    Kiond Jones is currently serving a sentence of 30 years' imprisonment for racketeering, racketeering conspiracy, conspiracy to distribute marijuana, and use of a firearm in connection with a crime of violence.  Following an unsuccessful appeal, *see United States v. Praddy*, 729 F. App'x 21 (2d Cir.), *cert. denied*, 139 S. Ct. 185 (2018), he timely moved to vacate his convictions and sentence pursuant to 28 U.S.C. § 2255.

    Jones's motion, as supplemented by his brief of April 5, 2022, raises four issues.  The Court addresses each issue in turn.

**A.**    **Ineffective Assistance of Trial Counsel**

    In 2010 the government conveyed a plea offer allowing Jones to plead guilty to conspiring to distribute 1000 kilograms or more of marijuana.  The offer calculated that a guilty plea would expose Jones to a statutory minimum of 120 months and an advisory guidelines range of 210 to 262 months, or, if Jones accepted promptly, 188 to 235 months.

Jones rejected the offer. He concedes his attorney conveyed the offer and discussed it with him but argues that his attorney failed to explain that he faced a mandatory minimum of 50 years if he went to trial. He argues that he would have accepted the offer had he known he might receive such a lengthy sentence.

At the time of the offer, however, the indictment charged Jones with three crimes carrying a total mandatory minimum of 15 years. Jones ultimately faced a mandatory minimum of 45 years (not 50, as he claims) because the government later superseded the indictment to add the much more serious racketeering charges.

It is true that counsel can render ineffective assistance by "grossly underestimating [the client's] sentencing exposure." *United States v. Gordon*, 156 F.3d 376, 380 (2d Cir. 1998). But the Constitution does not demand clairvoyance. "Rather, 'counsel's performance must be assessed . . . as of the time of counsel's conduct without the benefit of hindsight.'" *McCoy v. United States*, 707 F.3d 184, 188 (2d Cir. 2013) (quoting, with alteration, *Sellan v. Kuhlman*, 261 F.3d 303, 315 (2d Cir. 2001)).

A superseding indictment is always possible, of course, but nothing presaged the transformation of this case from a drug and gun prosecution to a racketeering prosecution. Indeed, the change was apparently due to the unexpected cooperation of Raymond Dowdie, another member of the racketeering enterprise who was not even named as a co-defendant in the indictment against Jones.

2

Thus, the Court concludes that counsel was not ineffective for failing to predict that Jones would eventually face more serious charges and a longer minimum sentence if he rejected the government's plea offer.

**B.      Insufficiency of the Evidence**

Jones argues that the evidence at trial was insufficient to support his conviction for conspiring to distribute more than 1000 kilograms of marijuana. As he could have raised this issue on direct appeal, he is barred from raising it in a § 2255 motion unless he demonstrates either cause and prejudice or actual innocence. *See United States v. Thorn*, 659 F.3d 227, 231 (2d Cir. 2011) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). Jones has done neither.

In any event, the argument fails on the merits. Jones argues that the government was required to prove a single distribution of more than 1000 kilograms of marijuana. That is incorrect. For a conspiracy charge, the government must prove only that the conspiracy as a whole involved the charged amount, including amounts for which the defendant was personally responsible and amounts "either known or reasonably foreseeable to the defendant." *United States v. Santos*, 541 F.3d 63, 70-71 (2d Cir. 2008). The government offered sufficient evidence that such amounts totaled more than 1000 kilograms in this case; despite defense counsel's vigorous challenges to the government's calculations, the jury reasonably found that the charged conspiracy involved more than 1000 kilograms

of marijuana.

### C.   *United States v. Davis*

Jones cites *United States v. Davis*, 139 S. Ct. 2319 (2019), in which the Supreme Court held that the definition of "crime of violence" in the so-called residual clause of 18 U.S.C. § 924(c) was unconstitutionally vague. The crimes underlying Jones's firearms conviction, however, qualify as crimes of violence under the statute's force clause. Therefore, the constitutionality of the residual clause is irrelevant here. *See Praddy*, 729 F. Appx. at 23 n.2.

But *Davis* and its progeny are relevant in another respect. On direct appeal, the Second Circuit held that Jones's convictions of racketeering and racketeering conspiracy supported his firearms conviction because the predicate acts comprising the pattern of racketeering activity—kidnapping and attempted murder—were themselves qualifying crimes of violence. *See id.* at 23-24 (citing *United States v. Ivezaj*, 568 F.3d 88, 95 (2d Cir. 2009)). That holding was later abrogated with respect to racketeering conspiracy by *United States v. Capers*, 20 F.4th 105, 111-12 (2d Cir. 2021). In *United States v. Laurent*, 33 F.4th 63 (2d Cir. 2022), by contrast, the circuit court saw "nothing in *Davis* that suggests, much less compels, a rejection of our *Ivezaj* analysis" with respect to *substantive* racketeering. *Id.* at 88.

Thus, of the two crimes supporting Jones's firearms conviction, one

4

(substantive racketeering) is a valid crime of violence after *Davis* but the other (racketeering conspiracy) is not. In such circumstances, the Court's task is to determine whether the guilty verdict "necessarily required that the jury have found facts satisfying the essential elements of guilt on the alternative charged predicate that would sustain a lawful conviction." *Laurent*, 33 F.4th at 86. If so, then any error in the verdict is harmless. *See id.*

Here, the charges of racketeering and racketeering conspiracy were based on the same predicate acts. To prove those acts, the government relied on evidence that Jones (1) kidnapped Craig Hecclewood and pistol-whipped him for almost an hour, and (2) shot Moses Osbourne in an attempt to kill him in retaliation for the murder of a member of Jones's crew. The jury found that those predicate acts evidenced both a pattern of racketing activity and a conspiracy to engage in such activity.

As depicted at trial, both predicate acts clearly involved the use a firearm. Although the jury was instructed that both racketeering and racketeering conspiracy were qualifying crimes of violence, it could not have found that Jones used a firearm in connection with a racketeering conspiracy without also concluding that he used a firearm in connection with a pattern of racketeering activity defined by the very same predicate acts. This satisfies the Court that Jones's firearms conviction was based on a valid crime of violence, and that

5

inclusion of racketeering conspiracy in the jury instructions was harmless.

**D.     Ineffective Assistance of Appellate Counsel**

Jones argues that his appellate counsel was ineffective for failing to argue that the Court's jury instructions regarding the elements of using a firearm in connection with a crime of violence were improper under *Rosemond v. United States*, 572 U.S. 65 (2014). *Rosemond* clarified the standard for finding a defendant guilty of that crime under an aiding-and-abetting theory. *See id.* at 77-78. The jury instructions did not include such a theory. Therefore, *Rosemond* has no relevance to this case and appellate counsel was not ineffective for failing to raise it.

**E.     Conclusion**

Jones's § 2255 motion is denied. Because the motion does not make a substantial showing of the denial of a federal constitutional right, a certificate of appealability with not issue. *See* 28 U.S.C. § 2253(c).

**SO ORDERED.**

     /S/ Frederic Block     
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
May 8, 2023